FILED
APR - 7 2021
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **4:21CR00229 JAR/SPM** |
| ) | |
| v. ) | No. |
| ) | |
| QUIANNA S. BENNETT, ) | |
| ) | |
| Defendant. ) | |

**INDICTMENT**

The Grand Jury charges that:

**INTRODUCTION**

**THE ECONOMIC INJURY DISASTER LOAN PROGRAM**

1. The Small Business Association (hereinafter "SBA") is a federal agency of the Executive Branch of the United States Government that administers assistance to American small businesses. This assistance includes making direct loans to applicants through the Economic Injury Disaster Loan (hereinafter "EIDL") program.

2. The Coronavirus Aid, Relief, and Economic Security Act (hereinafter "CARES Act") is a federal law enacted on March 29, 2020, designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. Among other things, the CARES Act expanded the SBA's EIDL program, which provided small businesses with low-interest loans of up to $2 million prior to in or about May 2020, and up to $150,000 beginning in or about May 2020, in order to provide vital economic support to help overcome the loss of revenue small businesses are experiencing due to the COVID-

19 pandemic. To qualify for an EIDL under the CARES Act, an applicant must have suffered "substantial economic injury" from the COVID-19 pandemic, based on a company's actual economic injury as determined by the SBA. EIDLs may be used for payroll and other costs, as well as to cover increased costs due to supply chain interruption, to pay obligations that cannot be met due to revenue loss, and for other similar uses.

3. The SBA Office of Disaster Assistance (hereinafter "ODA"), headquartered in Washington, D.C., is responsible for administering the EIDL program. The ODA has authority over all loans created and disbursed under the EIDL program. EIDL principal proceeds are solely funded by the SBA and disbursed from government-controlled accounts maintained with the U.S. Treasury at Federal Reserve Banks throughout the United States.

4. To qualify for an EIDL, applicants are required to submit applications to the SBA, generally through the SBA's website, wherein the applicant provides information including the business's name, Employer Identification Number (hereinafter "EIN") or social security number for sole proprietorships, gross revenue and cost of goods for the prior year, address, email, date of establishment, number of employees as of January 31, 2020, and bank account information. The EIDL application also states that "[i]f anyone assisted you in completing this application, whether you pay a fee for this service or not, that person must enter their information below," and includes fields for the name and contact information of anyone assisting the applicant to complete the application. Applicants are required to certify under penalty of perjury that the information provided in the EIDL application is true and correct.

5. Pursuant to the provisions governing the EIDL program, loan proceeds are required to be used on certain permissible business expenses. The EIDL funds could be used by the afflicted business to pay fixed debts, payroll, accounts payable, and other bills that could have been paid

absent the impact of the COVID-19 pandemic.

6. Applicants are not required to provide documents to the SBA. The SBA relies on the truthfulness of an applicant's submission.

7. Servers for the Central United States region of the SBA, which processes all SBA EIDL applications for the region, are located in Iowa.

### TRUELOVE'S II AND TRUELOVE'S IN-HOME HEALTHCARE

8. At all relevant times, Defendant **QUIANNA S. BENNETT** was a resident of St. Louis County, Missouri, in the Eastern District of Missouri.

9. From on or about 2013 to on or about 2018, Defendant Bennett was the owner/operator of Truelove's II, LLC and Truelove's In-Home Health Care, LLC. These businesses offered home health care services such as nursing, therapy, and medical and social services.

10. On or about September 19, 2013, Defendant Bennett entered into a Limited Liability Operating Agreement for Truelove's II, LLC in which she is listed as having 100 percent interest in the capital of Truelove's II, LLC.

11. On November 7, 2013, Defendant Bennett opened a business bank account at First Community Credit Union in the name of Truelove's II, LLC wherein she was listed as the owner of the business.

12. First Community Credit Union is headquartered in Chesterfield, Missouri and its servers are located within the Eastern District of Missouri.

13. On or about April 23, 2018, Defendant Bennett, on behalf of Truelove's II, LLC, entered into an Asset Purchase Agreement with Advantage Consumer Directed Services, LLC for the sale of Truelove's II, LLC at a purchase price of $480,000, with $90,000 to be paid as a down

payment.

14. Also on or about April 23, 2018, Defendant Bennett, on behalf of Truelove's In-Home Health Care, LLC, entered into an Asset Purchase Agreement with Advantage In-Home Services, LLC for the sale of Truelove's In-Home Health Care, LLC at a purchase price of $320,000, with $60,000 to be paid as a down payment.

15. After Defendant Bennett completed the Asset Purchases Agreements in or about April 23, 2018, Truelove's II, LLC and Truelove's In-Home Health Care, LLC ceased business operations. Following the asset sales, neither business entity provided services or employed any individuals.

16. On or about June 22, 2018, Defendant Bennett filed for bankruptcy under Chapter 7 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court in the Eastern District of Missouri, Eastern Division. Defendant Bennett did not disclose the sale of either Truelove's II, LLC or Truelove's In-Home Health Care, LLC or the proceeds she received as a result of the sales in her bankruptcy petition.

17. On or about March 18, 2019, Defendant Bennett and the bankruptcy trustee filed an Agreed Motion to Approve Quianna Sherrie Bennett's Voluntary Waiver of Discharge with the United States Bankruptcy Court. The court granted the discharge motion on or about March 26, 2019. The discharge means that Defendant Bennett is still liable for her debts, notwithstanding filing for bankruptcy.

18. On or about July 17, 2020, Defendant Bennett applied for a $150,000 EIDL with the SBA on behalf of Truelove's II, LLC.

19. On or about August 20, 2020, Defendant Bennett applied for an $150,000 EIDL with the SBA on behalf of Truelove's In-Home Health Care, LLC.

20. At the time that Defendant submitted both EIDL applications to the SBA representing that she needed loan funds in order to maintain operation of her business, Truelove's II, LLC and Truelove's In-Home Health Care, LLC had not been legitimately functioning businesses since in or about 2018.

21. On or about September 1, 2020, Defendant Bennett signed a signature card to open Bank of America account #XXXXXXXX9149 at the O'Fallon, Missouri branch of Bank of America in the name of Truelove's In-Home Health Care, LLC, indicating she is the sole signatory on the account.

## COUNT I
**(CONCEALMENT OF ASSETS IN A BANKRUPTCY PROCEEDING: 18 U.S.C. §152(1))**

22. Paragraphs 1-21 are realleged and incorporated by reference as if fully set forth herein.

23. From in or about June 2018 through in or about March 2019, in St. Louis, Missouri, within the Eastern District of Missouri, and elsewhere, the defendant,

**QUIANNA S. BENNETT,**

did knowingly and fraudulently conceal from the creditors and others, in connection with the case *In re Quianna Sherrie Bennett*, Case No. 18-44015-705, a case under Chapter 7 of Title 11, United States Code, the Bankruptcy Code, property belonging to the estate of a Debtor, that is:

> The Asset Purchase agreements between Truelove's II, LLC and Advantage Consumer Directed Services, LLC and Truelove's In-Home Health Care, LLC and Advantage In-Home Services, LLC including the down payments and subsequent payments Debtor received from Advantage Consumer Directed Services, LLC and Advantage In-Home Services, LLC for the two businesses.

All in violation of Title 18, United States Code, Section 152(1).

## COUNT II
## (WIRE FRAUD: 18 U.S.C. §1343)

### THE SCHEME TO DEFRAUD

24. Paragraphs 1-23 are realleged and incorporated by reference as if fully set forth herein.

25. In or about July and August 2020, in St. Louis, in the Eastern District of Missouri, the defendant,

**QUIANNA S. BENNETT,**

devised and intended to devise a scheme and artifice to obtain money by means of false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

26. It was part of the scheme that in or about July 17, 2020, Defendant Bennett applied for a EIDL from the SBA on behalf of Truelove's II, LLC in the amount of $150,000.00.

27. It was further part of the scheme that the defendant falsely and fraudulently represented on the EIDL application for Truelove's II, LLC that she still owned the assets of Truelove's II, LLC, when in fact she sold the assets of the company in or about April 23, 2018.

28. It was further part of the scheme that but for Defendant Bennett's misrepresentations regarding her ownership interest in the assets of Truelove's II, LLC, the SBA would not have issued EIDL funds to Defendant Bennett.

29. It was also part of the scheme that in or about August 20, 2020, Defendant Bennett applied for a EIDL from the SBA on behalf of Truelove's In-Home Health Care, LLC in the amount of $150,000.00.

30. It was further part of the scheme that the defendant falsely and fraudulently represented on the EIDL application for Truelove's In-Home Health Care, LLC that she still owned the assets of Truelove's In-Home Health Care, LLC, when in fact she sold the assets of the

company in or about April 23, 2018.

31. It was further part of the scheme that but for Defendant Bennett's misrepresentations regarding her ownership interest the assets of Truelove's In-Home Health Care, LLC, the SBA would not have issued EIDL funds to Defendant Bennett.

32. It was further part of the scheme that Defendant Bennett used the SBA EIDL proceeds to pay for clothing, travel, and restaurant expenditures unrelated to any business functions of Truelove's II, LLC or Truelove's In-Home Health Care, LLC.

33. On or about the date set forth below, in the Eastern District of Missouri, the defendant,

**QUIANNA S. BENNETT,**

having devised and intended to devise a scheme to obtain money by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | WIRE TRANSACTION | AMOUNT |
|---|---|---|---|
| II | August 10, 2020 | SBA loan #47547482-01 transmitted to Truelove's II, LLC's First Community Credit Union account #XXXXX5242-70 | $149,900.00 |

In violation of, and punishable under, Title 18, United States Code, Section 1343.

**FORFEITURE ALLEGATION**

34. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 29, United States Code, Section 152(1) as set forth in Count I, the defendant shall forfeit to the United States of

America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

35. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, which constitutes or is derived from proceeds traceable to the violation set forth in Count I.

36. Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Count II, the defendant shall forfeit to the United States of American any property, real or personal, constituting or derived from proceeds traceable to said violation.

37. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to the violation(s) set forth in Count II.

38. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. 100 and 102 S. Florissant Road, St. Louis, Missouri 63135, with all appurtenances, attachments, improvements, and fixtures thereon.

39. In the event any forfeitable property, as a result of an act or omission of the defendant

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficult,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
UNITED STATES ATTORNEY

_____
LINDSAY MCCLURE-HARTMAN – 66070MO
ASSISTANT UNITED STATES ATTORNEY